Staples, J.,
delivered the opinion of the court.
The judgment of the county court against the defendant, Thompson, is objected to by him on various grounds. They will be severally considered in the order in which they are presented in the record.
The first objection is, that the original process commencing the suit was served on the defendant" the 3d. February 1862, and the judgment became final on the 3d March 1862, in violation of the statute, which declares that no judgment by default on scire facias or summons shall be valid if it becomes final within one month after the service of such process. The month indicated by the statute is of course a calendar month, and if the 3d day of February, the day of the service of process is to be included in computing the time, then the judgment did not become final within a month after the service of process.
Without undertaking now to discuss the doctrines of the common law in respect to the days to be included or excluded in the computation of time under statutes, it is sufficient to say that every difficulty in regard to that question has been removed by the provisions of the 8th clause of section 16, chapter 16, page 115, Code of 1860.
*309 That section declares, that “where a statute requires •a notice to be given, or any other act to be done a •certain time before any motion or proceeding, must be that time, exclusive of the day, for such motion or proceeding; but the day on which such notice is given, or such act is done, may be counted as part of the time.”
The second objection is, that the process was served on the defendant by his deputy, the defendant himself being then the sheriff of the county. This objection doubtless is founded upon the 20th section, chapter 49, Code of 1860, which declares that “when for any cause it is unfit for a sheriff or sergeant to serve any process, such process shall be directed to and served by a coroner of the county or corporation.”
One of the objects of this statute was of course to prevent the execution of process by officers interested in the subject matter of the suit; and the plaintiff’ might well object that the defendant is not a proper person to execute the process. But if the plaintiff is willing that the process shall go into the hands of the defendant, and the defendant is willing to receive it and accept service, the latter cannot afterwards be heard to make any objection on the ground of irregularity. And so if the defendants’ deputy receive the process and serve it upon the principal, and the latter •does not make the objection in limine, he should not be permitted afterwards to say that his deputy had done an illegal act.
The third and main ground of objection is, that the judgment was taken against the defendant while he was in the military service. It appears that the defendant first enlisted as a volunteer in the service of the state as early as May 1861, and that he was subsequently transferred to the confederate army; but at *310 the time the process was executed upon him, and at the time the judgment became final, he was at home on furlough. The objection now made was suggested for the first time on the 7th of August 1872, more than ten years after the judgment was rendered. Conceding that the objection was good if it had been made-in time, the question is, whether it has not been waived by the failure of the defendant to insist upon it either before the judgment was entered, or within a reasonable period thereafter.
In Prentis v. Commonwealth, 5 Rand. 697, the defendant was presented for unlawful gaming, process, served upon him, and a judgment by default entered. He applied for a writ of error coram vobis, upon the-ground that he was exempt from arrest or process as. a member of the general assembly; and by operation of law all proceedings against him stood suspended during the continuance of his privilege.
The general court after a very careful examination of the authorities bearing upon the question, was of opinion, that the exemption claimed was in the nature of a personal privilege; that from its character it was such that the courts could not ex officio take notice of it, and that it ought to be claimed whenever-relied on.
The court was further of opinion, that the privilege was not an incapacity like infancy and coverture, where consent cannot give jurisdiction; and there was not an example of the allowance of the privilege, but upon plea, or motion tendered or made at the proper period, to the court where proceedings are sought to be abated or suspended; and therefore the-failure of the defendant to claim the exception until after judgment, was a waiver of his privilege. •
Much of this reasoning applies to persons in the *311 military service. The exemption in their favor is necessarily a mere personal privilege. The court cannot ex officio take notice of it. It cannot know the matter is brought to its attention, that the defendant is in such service, or that he may not prefer to waive his exemption. The rule applying in other cases of personal privilege must therefore apply to him. The objection must be taken during the pending of the proceedings, otherwise it will be considered as waived. If the defendant is in actual service, if he is so situated that he cannot assert his privilege, the rule would not apply. Under such circumstances it would be unreasonable and uojust to require the objection to be made while the disability exists. But when the disability is removed, certainly within a reasonable time thereafter the defendant ought to claim his privilege.
In the case before us the defendant was at home on furlough, both when the summons was received by him, and when the judgment became final. It would have been very easy for him to claim his exemption. It was not necessary he should attend the court, or even employ counsel to do so. His own deputy served the process upon him: a simple notification to him, or an endorsement on the writ at the time, would no doubt have affected the object. A letter to the clerk, or to the court, at any time before the judgment became final, would have been sufficient. The defendant knew that the other obligors were joined in the suit with him. It may have been a matter of vital importance to the plaintiff to obtain judgment against them. In doing so, he was bound to include the defendant also in the suit. If the defendant had claimed his exemption, the action would have proceeded against the others, as it does not appear they were sureties; *312 and judgment would have been recovered against them. Thirty days after the expiration of his term of service the defendant’s exemption would have ceased, and then judgment might have been obtained against him also. The reversal of the judgment now as to the defendant carries with it the reversal of the judgment as to all the defendants: and .so the circuit judge has held. The result, therefore, is, that the defendant, by failing to insist upon his privilege, obtains an exemption, not only for himself, but for his co-obligors, for more than seven years after his term of service has expired. It is unnecessary to consider the effect of the several statutes of limitation in respect to a motion to reverse a judgment upon the ground relied on in this case. The failure of the defendant under the circumstances to claim his exemption, or to make any objection whatever before the judgment was rendered, followed by the long delay that has since occurred, must be considered as conclusive evidence of his intention to waive his exemption.
For these reasons the judgment of the circuit court' must be reversed, with costs; and that of the county court affirmed.
Judgment reversed.